Per Curiam:
This is an action for increased retirement benefits pursuant to Public Law 854, the Civil Service Ke-tirement Act Amendments of 1956, Ch. 804, 70 Stat. 760, 761 (1956).
On April 6, 1956, after having been on “leave without pay” status from the Department of the Air Force since December 1, 1955, plaintiff applied for disability retirement. On July 17, 1956, the Department of the Air Force effected his retirement retroactively to January 1, 1956, pursuant to *591 the pertinent Civil Service Commission Regulation, 5 C.F.R. 29.6(b) (1949). Plaintiff received notification of this action on August 22, 1956, whereby it was indicated that his annuity would be computed pursuant to the laws then effective.
Public Law 854, the Civil Service Retirement Act Amendments of 1956, which liberalized the benefits of the Civil Service Retirement Act, was enacted July 31, 1956, to become effective October 1, 1956. The statute was made explicitly inapplicable to employees retired prior to its effective date.
On August 9, 1956, the Civil Service Commission circulated a memorandum to the various Government agencies suggesting postponement of action on certain retirement applications until Public Law 854 became effective, which read in pertinent part as follows:
* * * If the optional or disability applicant’s separation has already been finally approved, such separation must stand.
The Commission’s suggested policy on separations does not abrogate a department’s inherent right to separate the optional or disability applicant before October if it so desires, nor does it require any employee to remain in service in case he desires to retire prior to that time.
Plaintiff asserts that the Government’s failure to postpone action on his application until after October 1, 1956, when he could have been retired with the more liberal benefits conferred by the new legislation, was arbitrary and capricious in view of the Civil Service Commission’s memorandum. Plaintiff’s claim has been reviewed in the appropriate administrative proceedings, wherein relief was denied.
We think it apparent, from the words of the memorandum quoted above, that the Commission enunciated therein a suggested policy regarding pending retirement applications, as distinguished from a required course of action. Moreover, we think it equally clear that the suggested postponement of action related exclusively to applications that had not yet been finally approved. Plaintiff’s application had been approved by the Civil Service Commission on July 13, 1956, and by the Department of the Air Force on July 17, 1956. Thus while plaintiff did not receive notice of the approval of Ms retirement until after the enactment of Pub- *592 lie Law 854 and the issuance of the memorandum, final approval of his application antedated both events. Consequently, in view of the suggestive, as distinguished from mandatory, nature of the memorandum, and because of the explicit exclusion of applications that had already received final approval from the suggested postponement policy, the Government’s failure to delay action regarding plaintiff’s application for retirement until after the effective date of the new statute can hardly be deemed either arbitrary or capricious. Plaintiff’s contention that Public Law 854 and the Commission’s memorandum created an implied obligation which required the Government to postpone action regarding plaintiff’s retirement until he could receive the benefits of the new legislation is similarly without merit.
Defendant’s motion for summary judgment is granted. Plaintiff’s motion for summary judgment is denied, and plaintiff’s petition will be dismissed.
It is so ordered.